## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03403-RM-NYW

WILLIS EARL JENKINS,

      Plaintiff,

v.

ELIZABETH O'NEIL, and
RAVENCAMP,

      Defendants.

---

## ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

---

Magistrate Judge Nina Y. Wang

      This matter comes before the court on the Motion [for] Appointment of Counsel filed on May 23, 2022 by Plaintiff Willis Earl Jenkins ("Plaintiff" or "Mr. Jenkins"). [Doc. 25]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated June 17, 2022, [Doc. 29], and the Memorandum dated June 17, 2022. [Doc. 31]. For the following reasons, the Motion for Appointment of Counsel is **DENIED without prejudice**.

## BACKGROUND

      Plaintiff initiated this action by filing a pro se Prisoner Complaint on December 20, 2021. [Doc. 1]. Plaintiff filed two amendments to the Prisoner Complaint on January 5 and 20, 2022, respectively. *See* [Doc. 4; Doc. 9]; *see also* [Doc. 11 at 1 (construing the later filings as part of Plaintiff's original pleading)]. The Honorable Gordon P. Gallagher subsequently ordered Plaintiff to file a First Amended Complaint. *See* [Doc. 11]. Plaintiff filed a First Amended Complaint on February 14, 2022, *see* [Doc. 12], and another amended pleading on February 16, 2022, [Doc.13], which Judge Gallagher construed as a Motion to Amend the Complaint. *See* [Doc. 18 at 12]. In

his First Amended Complaint, Plaintiff, a pre-trial detainee, alleged a number of violations of his constitutional rights, including a claim that his Fourteenth Amendment due process rights have been violated as a result of his placement in solitary confinement at the El Paso County Criminal Justice Center ("CJC").  *See, e.g.*, [Doc. 12 at 9].

Upon an initial review of Plaintiff's First Amended Complaint and Motion to Amend the Complaint, Judge Gallagher recommended that Plaintiff be directed to file a Second Amended Complaint "asserts a single claim for relief for violation of Plaintiff's Fourteenth Amendment due process rights, against Defendants Ravencamp and O'Neil, based on Plaintiff's placement and continued detention in solitary confinement."  [Doc. 18 at 14].  Over Plaintiff's objections, *see* [Doc. 19], the Honorable Lewis T. Babcock accepted Judge Gallagher's Recommendation and ordered Mr. Jenkins to file a Second Amended Complaint in compliance with Judge Gallagher's directives.  [Doc. 20].

Plaintiff filed his Second Amended Complaint on April 11, 2022.  [Doc. 21].  Judge Gallagher reviewed that pleading and determined that it failed to comply with Rule 8 of the Federal Rules of Civil Procedure.  [Doc. 22 at 3-4].  Accordingly, Judge Gallagher ordered Plaintiff to file a Third Amended Complaint, [*id.* at 7], and Mr. Jenkins did so on May 23, 2022.  *See* [Doc. 23]. In his Third Amended Complaint, Mr. Jenkins alleges that Defendants Ravencamp, the Head of Classification at CJC, and O'Neil, the Disciplinary Hearing Officer at CJC, have violated his due process rights by housing him in solitary confinement since July 2021.  *See* [*id.* at 7].  Upon review of the Third Amended Complaint, Judge Gallagher ordered that the case be drawn to a presiding judge.  [Doc. 26].  The case was assigned to the presiding judge, the Honorable Raymond P. Moore, and referred to the undersigned Magistrate Judge.  *See* [*id.*]; *see also* [Doc. 29].  Plaintiff

filed the instant Motion on May 23, 2022, requesting that the court appoint him counsel in this matter.  *See* [Doc. 25].  The court considers Plaintiff's request below.

## ANALYSIS

The determination of whether to seek pro bono counsel in a civil case is left to the sound discretion of the trial court.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  But the court cannot appoint counsel; instead, the court can only ask an attorney to take the case.  *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (citing *Rachel v. Troutt*, 820 F.3d 390, 396-97 (10th Cir. 2016)).  In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims."  *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Id.* (citation omitted).  "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned."  *Id.*

In deciding whether to appoint counsel, the court considers all relevant circumstances, including but not limited to: (1) the nature and complexity of the action; (2) the potential merit of the claims or defenses of the unrepresented party; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel. D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv).

In his Motion, Mr. Jenkins requests that the court appoint him counsel in this matter due to his "inadequate position being situated [involuntarily]" in solitary confinement.  [Doc. 25 at 1]. He further asserts that the evidence in this case is complex and "largely consists of conflicting

testimonies," which demands "a skill set [Plaintiff has] not yet conquered." [*Id.*]. He maintains that exceptional circumstances warrant appointment of counsel in this case. [*Id.*].

Upon review of the Motion, Mr. Jenkins's filings, and the D.C.COLO.LAttyR 15(f) factors, the court concludes that appointment of counsel is not warranted at this time. While the court acknowledges Mr. Jenkins's concerns about his ability to prosecute his case while in custody, particularly due to his placement in solitary confinement, Mr. Jenkins does not provide the court with any specific information concerning the nature and circumstances of his confinement or how his confinement hinders his ability to prosecute this case. This precludes the court from determining that appointment of counsel is presently warranted. *See Shayesteh v. Raty*, No. 205-cv-85 TC, 2007 WL 2317435, at *1 (D. Utah Aug. 7, 2007) (declining to appoint counsel where the plaintiff "generally allege[d] that his litigations [were] being hindered by his incarceration" but where he did not "allege specific facts showing any actual prejudice"). Given Plaintiff's numerous filings in this case over the past several months, it appears that Plaintiff is able to both send and receive mail to and from the court and has been able to robustly participate in this litigation thus far.

Moreover, the circumstances attendant to litigating a case while incarcerated are unfortunately not unique. *See Rucks*, 57 F.3d at 979 ("While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case."); *Miller v. Jackson*, No. 18-cv-00024-KLM, 2019 WL 4110627, at *2 (D. Colo. Apr. 30, 2019) ("The Court is well aware that such litigation would be simpler for Plaintiff if he had counsel, or even if he were simply not incarcerated."). "[I]ncarceration is a normal . . . circumstance in this type of case before this court, and therefore, does not provide special circumstances to consider in determining whether to seek volunteer

counsel." *Walker v. Meyer*, No. 08-cv-01911-REB-KLM, 2008 WL 4787569, at *1 (D. Colo. Oct. 30, 2008); *see also Rivera v. Quintana*, No. 20-cv-02268-RBJ-KMT, 2021 WL 1837655, at *2 (D. Colo. May 7, 2021) ("[I]nmate status alone does not entitle [a plaintiff] to appointed counsel."). In his Motion, Mr. Jenkins does not articulate specific factors under D.C.COLO.LAttyR 15(f) that warrant appointment of counsel in his particular circumstances. *See generally* [Doc. 25].

Moreover, the court is respectfully not persuaded that the substantive issues in this case are so uniquely complex so as to warrant appointment of counsel at this time. *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (explaining appointment of counsel is appropriate in "extreme case[s] where the lack of counsel results in fundamental unfairness."). The court reminds Mr. Jenkins that because he proceeds pro se, the court will afford his filings liberal construction. The United States Court of Appeals for the Tenth Circuit has explained that "liberal construction of pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.'" *United States v. $9,020.00 In U.S. Currency*, 30 F. App'x 855, 858 (10th Cir. 2002) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Finally, the court notes that this case is still in its very early stages. The case was just recently assigned to a presiding judge and neither Defendant has been served. Moreover, the court has not yet held a Scheduling Conference in this case or set discovery deadlines in this matter; accordingly, while Plaintiff asserts that the evidence in this case is complex, [Doc. 25 at 1], there is present need for Mr. Jenkins to present evidence in this matter. Given the early procedural posture in this case, the court concludes that Mr. Jenkins's Motion is premature. Should the

circumstances of this case change, Mr. Jenkins may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at \*5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to <u>trial</u>." (emphasis added)). For all of these reasons, the Motion for Appointment of Counsel is respectfully **DENIED without prejudice**.

**CONCLUSION**

For these reasons, **IT IS ORDERED** that:

(1)     The Motion [for] Appointment of Counsel [Doc. 25] is **DENIED without prejudice**;[1] and

(2)     A copy of this Order shall be sent to:

> Willis Earl Jenkins, Jr., #0277126
> Criminal Justice Center Detention Facility
> 2739 E. Las Vegas Street
> Colorado Springs, CO 80906

DATED:  June 22, 2022                              BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

[1] Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").