IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 21–cv–03403–RM–MDB

WILLIS EARL JENKINS, JR.,

    Plaintiff,

v.

ELIZABETH O'NEIL, Head of Classification, and
RAVENCAMP**,** Deputy, Disciplinary Hearing Officer,

    Defendants.

## ORDER

Before the Court is Plaintiff's "Motion to Appoint Pro Bono Counsel." (["Motion"], Doc. No. 52.) After carefully considering the Motion, as well as related briefing, the court has determined that the interests of justice do not warrant the appointment of civil counsel. For the following reasons, the Motion to Appoint Pro Bono Counsel is **DENIED**.

The determination as to whether to appoint counsel in a civil case is left to the sound discretion of the district court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). The court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Those factors include: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). "The burden is on the applicant to

convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy*, 753 F.2d at 838). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

Pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado-Attorney, the following unrepresented parties are eligible for the appointment of *pro bono* counsel: (1) a party who has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) an unrepresented prisoner; and (3) a non-prisoner, unrepresented party who demonstrates limited financial means. D.C.COLO.LAttyR 15(e). In addition to eligibility, the court applies the following factors and considerations to evaluate a motion for the appointment of counsel in a civil case: (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice will be served by the appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B).

*Pro se* Prisoner Plaintiff Willis Jenkins, Jr.,[1] a pretrial detainee at the El Pao County Criminal Justice Center ["CJC"], brings this action pursuant to 42 U.S.C § 1983.[2] (*See generally*

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

[2] The operative Complaint also indicates that Plaintiff brings claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, no federal defendants are named in the Complaint.

Doc. No. 23.) In the operative Complaint, Plaintiff alleges that Defendant Ravencamp, the Head of Classification at CJC, and Defendant O'Neil, the Disciplinary Hearing Officer at CJC, have violated his Fourteenth Amendment due process rights by housing him in solitary confinement since July 2021. (*See Id*. at 7).

On December 20, 2021, Plaintiff initiated this lawsuit by filing a *pro se* Prisoner Complaint. (Doc. No. 1.) Plaintiff filed two amendments to the Complaint on January 5 and 20, 2022. (Doc. No. 4; Doc. No. 9.) These were construed as part of Plaintiff's original pleading. (Doc. No. 11 at 1.) The Honorable Gordon Gallagher subsequently ordered Plaintiff to file a First Amended Complaint, which he did on February 14, 2022. (*Id.*; Doc. No. 12.) Plaintiff was eventually directed to file a Second, and later a Third, Amended Complaint that complied with Fed. R. Civ. P. 8. (Doc. No. 21; Doc. No. 23.) In the operative Third Amended Complaint, Plaintiff's allegations narrowed to the events described above.

On May 23, 2022,[3] Plaintiff filed his initial motion for the appointment of counsel. (Doc. No. 25.) In the motion, Plaintiff said he sought counsel due to "inadequate position being situated [involuntarily]" in solitary confinement and, further, due to the complex nature and "conflicting testimonies" involved in the case. (*Id.* at 1.) The Honorable Nina Wang denied the Motion. (Doc. No. 32 at 4 ("[A]ppointment of counsel is not warranted at this time.").)

In her order, Judge Wang pointed out that Plaintiff had failed to provide the court with specific information that demonstrated how the circumstances of his confinement "hinder[] his ability to prosecute this case." (*Id.*) And further, without evidence of unique prejudice, Plaintiff's

---

[3] The same day Plaintiff filed his Third Amended Complaint (Doc. No. 23.)

confinement in and of itself was not a basis for appointing counsel.[4] (*Id.* ("[I]ncarceration is a normal . . . circumstance in this type of case before this court, and therefore, does not provide special circumstances to consider in determining whether to seek volunteer counsel." (internal quotation omitted).) Additionally, Judge Wang was "not persuaded" that the substance of Plaintiff's allegations is "so uniquely complex so as to warrant appointment of counsel at this time." (*Id.* at 5). However, because Judge Wang concluded that ultimately Plaintiff's motion was premature (*Id.* at 5–6), the motion was denied without prejudice, giving Plaintiff leave to renew the motion at a later date. (*Id.* at 6.) The Honorable Raymond Moore denied Plaintiff's objection to Judge Wang's order on August 31, 2022. (Doc. No. 50; Doc. No. 51.)

In the instant Motion, Plaintiff renews his request for *pro bono* counsel. (Doc. No. 52.) Plaintiff asks the Court to "[a]ppoint pro bono counsel because this is one of those extreme cases where lack of counsel '<u>will</u>' [*sic*] result in fundamental unfairness, which cordially re-directs [Judge Wang's Order's] assertions to [ ] this now mature stage be overturned or redirected with compliments to all the rapidly changing relevant elements taken into just consideration." (*Id.*)

While Plaintiff is correct that this case is now more "mature" than when Judge Wang issued the earlier denial, it does not automatically follow that, simply based on this fact, the considerations regarding an appointment of *pro bono* counsel have changed. In his Motion, Plaintiff does not provide any new information addressing the concerns raised by Judge Wang as to the original motion's substance. (*See id.*) As Judge Wang correctly explained, confinement, in and of itself, is not grounds for appointing *pro bono* counsel. *See Shayesteh v. Raty*, 2007 WL 2317435, at *1 (D. Utah Aug. 7, 2007) (declining to appoint counsel where the plaintiff

---

[4] Judge Wang noted that Plaintiff's "numerous filings" demonstrated his ability to "both send and receive mail to and from the court" and "to robustly participate in this litigation." (Doc. No. 32 at 4.)

"generally allege[d] that his litigations [were] being hindered by his incarceration" but where he did not "allege specific facts showing any actual prejudice"). And further, that the appointment of counsel may assist a prisoner plaintiff is not, in and of itself, ground for an appointment. *See Rucks*, 57 F.3d at 979 ("While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case.") Additionally, Plaintiff has not provided any new information as to why the substance of this case is so unique and complex as to warrant the appointment of counsel. *Toevs v. Reid*, 68 F.3d 903, 916 (10th Cir. 2012) (explaining appointment of counsel is appropriate in "extreme case[s] where the lack of counsel results in fundamental unfairness").

Accordingly, it is

**ORDERED** that the "Motion to Appoint Pro Bono Counsel." (Doc. No. 52) is **DENIED**.

Dated this 26th day of September, 2022.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge