IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 21-cv-03403-RM-MDB

WILLIS EARL JENKINS, JR.,

    Plaintiff,

v.

ELIZABETH O'NEAL, and
RAVENKAMP,

    Defendants.

___

**ORDER**
___

Before the Court is the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell (ECF No. 81) to grant in part and deny in part Defendants' Motion to Dismiss (ECF No. 49). Plaintiff and Defendants have filed Objections to the Recommendation (ECF Nos. 86, 92, 94), and Defendants have filed a Response (ECF No. 93). The Objections are overruled for the reasons below. The Recommendation is accepted and incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I.    LEGAL STANDARDS**

    **A.    Review of a Magistrate Judge's Recommendation**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir.

1996). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

B.   **Fed. R. Civ. P. 12(b)(6)**

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

C.   **Treatment of a Pro Se Plaintiff's Pleadings**

The Court liberally construes Plaintiff's pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on his behalf. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity

2

with pleading requirements, but it does not act as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.   BACKGROUND

Plaintiff is a pretrial detainee proceeding pro se.  He alleges he has spent 280 days in solitary confinement at the El Paso County Criminal Justice Center, where Defendant O'Neal supervises inmate classification and Defendant Ravenkamp is a deputy responsible for detention investigations.  In his Third Amended Complaint (ECF No. 23), he asserts violations of his rights under the Fourteenth Amendment, suing Defendants in both their individual and official capacities.

Defendants' Motion to Dismiss was referred to the magistrate judge.  The magistrate judge determined that Plaintiff's official capacity claims should be dismissed and that his individual capacity claims against both Defendants should be allowed to proceed.

## III.   ANALYSIS

### A.   Defendants' Objection

Defendants contend that the magistrate judge erred by concluding Plaintiff's allegations state a plausible claim against them.  The magistrate judge accepted as true Plaintiff's allegations that he (1) spent 280 days in solitary confinement; (2) was classified (by Defendant O'Neal) as a high-risk sexual predator and placed in solitary confinement without the opportunity to be heard; (3) was not allowed to challenge his classification or placement; and (4) received an additional 60 days of solitary confinement (from Defendant Ravenkamp) without justification.

The Court does not agree with Defendants' contention that these allegations fail to demonstrate a significant deprivation and are insufficient to state a due process claim.  Their

citation to *Gee v. Pacheco*, 627 F.3d 1178, 1193-94 (10th Cir. 2010), is not persuasive because the opinion does not discuss the amount of time Mr. Gee was placed in isolation and segregation. Moreover, he was a prisoner, not a pretrial detainee.

Defendants also contend that the magistrate judge "effectively relieved Plaintiff of his burden to overcome [their] qualified immunity defense." (ECF No. 86 at 5.)  The magistrate judge cited *Littlefield v. Deland*, 641 F.2d 729, 730 (10th Cir. 1981), for the proposition that Plaintiff's claim implicates a clearly established right for qualified immunity purposes.  There, the plaintiff was held for 56 days without notice or opportunity to be heard in a "strip cell" that stank of feces and urine and had no windows, interior lights, bunk, floor covering, or toilet except for a hole in the concrete floor.  *Id.*  In addition, he was deprived of all his clothes, slept naked on the floor, and was given no articles of personal hygiene.  *Id.*  But even though Plaintiff does not allege the type of extreme conditions that were present there, Defendants' attempt to distinguish *Littlefield* is unavailing.  The pretrial detainee in that case endured less than one fifth of the time Plaintiff allegedly spent in solitary confinement, and the Court agrees the case bears sufficient resemblance to Plaintiff's circumstances to put Defendants on notice.  The Court will not ignore *Littlefield* simply because Plaintiff did not cite it.

   **B.**  **Plaintiff's Motion**

Plaintiff's Objections do not meaningfully address the magistrate judge's determination that his Complaint fails to allege a policy or custom that would support a claim against Defendants in their official capacity.  The Court discerns no error in the magistrate judge's analysis of this issue and agrees that dismissal of the official capacity claims is warranted on the current record.

## IV. CONCLUSION

Therefore, the Objections (ECF No. 86, 92, 94) are OVERRULED, the Recommendation (ECF No. 81) is ACCEPTED, and the Motion to Dismiss is GRANTED IN PART and DENIED IN PART, as stated in the Recommendation and this Order.

DATED this 5th day of March, 2024.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge